IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                          No. CV-05-0381 MV/KBM
                                               CR-01-1669 MV

EUGENE LOVATO,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 90) filed April 4, 2005. *See* 28 U.S.C. § 2255 R. 4(b). Defendant was convicted of bank robbery, and on September 30, 2002, the Court entered judgment on Defendant's conviction. Defendant did not appeal his conviction or sentence.

      In his § 2255 motion, Defendant invokes the Supreme Court's recent decision in *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), and *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005), as the basis for challenging his sentence. *Blakely* applied the rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that a sentence greater than the statutory maximum must be based on facts found by a jury beyond a reasonable doubt. *Blakely*, 124 S. Ct. at 2536. In *Blakely* the Court set aside a state court sentence greater than the state's guideline range for the offense stipulated in the defendant's guilty plea. *See* 124 S. Ct. at 2538. The more recent decision in *Booker*, 125 S. Ct. at 764 (2005), declared the mandatory application of the United States Sentencing Guidelines unconstitutional.

      These recent Supreme Court rulings are not available to Defendant on collateral review of his criminal conviction. *See United States v. Meza-Hernandez*, No. 04-4295, 2005 WL 1231927, slip

ord. at 4 (10th Cir. May 25, 2005) (noting that *Booker* does not apply retroactively after a conviction is final); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005); *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004). For purposes of retroactivity analysis, the decision in *Blakely* merely applies the previously announced rule from *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), *see Blakely*, 124 S. Ct. at 2536, and thus provides no avenue to Defendant in a § 2255 proceeding, *see Leonard*, 383 F.3d at 1148. These decisions apply only to pending cases and those on direct review. *See Booker*, 125 S. Ct. at 769; *Meza-Hernandez*, 2005 WL 1231927, slip ord. at 4. Defendant is not entitled to relief under these decisions, *see* § 2255 R. 4(b), and the Court will dismiss his motion.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence (CV Doc. 1; CR Doc. 90) filed April 4, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE